### John D. Casey, Administrator, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 19,653.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 13, 1914. Rehearing denied October 27, 1914.

### Statement of the Case.

Action by John D. Casey, administrator of the estate of Harold Budil, deceased, against City of Chicago to recover damages for the death of plaintiff's intestate, a child of five years, under the Campbell Act of Illinois, J. & A. ¶¶ 6184 *et seq.* The declaration charged that the City of Chicago negligently permitted a street in said City to be and remain in an unsafe and dangerous condition in that it had a hole in it which made it rough and uneven, by means whereof the plaintiff's intestate "was struck and injured by a cake of ice which fell from a wagon because of the said wagon running into said depression and hole in said street." The cause was tried before a jury, who found for the defendant, and the court, after a motion for a new trial and a motion in arrest of judgment had been made and overruled, entered a judgment of *nil capiat* and for costs against the plaintiff. To reverse the judgment, plaintiff prosecutes a writ of error.

Plaintiff urged as ground for reversal that the court admitted improper evidence and excluded proper evidence; that it erred in giving certain instructions and in refusing certain tendered instructions.

Elmer & Cohen, for plaintiff in error.

William H. Sexton, John W. Beckwith and N. L. Piotrowski, for defendant in error; David R. Levy, of counsel.

Mr. Presiding Justice Brown delivered the opinion of the court.

## Abstract of the Decision.

1. Municipal corporations, § 972*—*duty to maintain streets in safe condition for children.* A city is charged with a duty subject to certain general limitations and conditions to keep its streets in a reasonably safe condition, not only for ordinary travel, but also for children at play using the streets in a manner common and usual for children in a city.

2. Municipal corporations, § 968*—*when defective street constitutes proximate cause of death of child.* Where a child playing in a street was killed by a cake of ice falling from a wagon because the wagon ran into a hole in the street, *held* that the negligence of the driver of the wagon would not excuse the negligence of the City in permitting the holes to be in the street if such negligence of the City was the proximate cause of the accident.

3. Negligence, § 53*—*proximate cause.* For an act of negligence to be the proximate cause of an injury, it need not be the sole or exclusive proximate cause, but it must be a proximate cause, either alone or concurrently with some other.

4. Municipal corporations, § 1100*—*sufficiency of instructions.* In an action against a city for the death of a child caused by a cake of ice falling from a wagon when the wagon ran into a hole in a street, *held* that the instructions given did not properly present the law material to the issues, where the court gave instructions to find the defendant not guilty if the street was reasonably safe for travel and the negligence of defendant was not the proximate cause of the accident, and refused to give an instruction requested by plaintiff to the effect that though the driver of the wagon was guilty of negligence contributing to the accident such negligence would not prevent recovery if the negligence of the defendant was the proximate cause of the injury.

5. Negligence, § 223*—*sufficiency of instruction as to liability for unforeseen accidents.* A portion of an instruction telling the jury "that a person or corporation is not liable or responsible for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

injuries or accidents which could not have been foreseen or expected by a reasonably prudent person as a result of its negligence," *held* improper if standing alone as making the liability of defendant depend upon whether the precise injury complained of and the manner of its occurrence ought to have been foreseen, but *held* that the giving of the same was not reversible error where it was followed by a clause which explained or developed the preceding clause by speaking of "any accident or some accident."

6. EVIDENCE, § 232*—*when portion of coroner's verdict inadmissible.* In an action against a city for the death of a child alleged to have been caused by a hole in a street, a part of a coroner's verdict which purported to determine that the condition of the street caused the accident, *held* not competent evidence for the jury.