SPEARS v. BLACK.

1. LANDLORD AND TENANT—CONTRACTS—EVIDENCE.
   Where a landlord brought attachment against a tenant on the ground that the lease, which was not in writing, authorized him to take steps for collecting the rental in case the tenant commenced to pack up to move away, when it should become payable, and the store manager stated that she had received orders from defendant to pack up and get out, the direction was part of the *res gestæ* and admissible in evidence.

2. SAME—HEARSAY—AGENCY.
   But whether it was permissible to receive the testimony of customers who had heard other clerks say defendant was about to move away,—*quære.*

3. SAME — PRINCIPAL AND AGENT — EVIDENCE — HEARSAY — WITNESSES.
   The agent may testify to the fact of his agency, and for that purpose is as competent as any other witness. When his authority is verbal, he may testify to its extent.

Error to Tuscola; Beach, J. Submitted June 21, 1915. (Docket No. 78.) Decided March 31, 1916.

Assumpsit in justice's court by William J. Spears against George V. Black for the recovery of money due for rent of a store. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frank L. Fales,* for appellant.

*T. C. Quinn* and *H. H. Smith* (*Walter S. Wixson,* of counsel), for appellee.

BIRD, J. Plaintiff brought suit in justice's court to recover items aggregating $216, and attached defendant's stock of merchandise in Vassar. Judgment passed for the plaintiff in justice's court, and on appeal he was successful. The principal item of the account was for rent of a store building which defendant occupied. Plaintiff, acting as agent for his wife, claims that he leased the store building to defendant for one year from May 1, 1913, at $37.50 per month, with the understanding—

"that if he did not like it in Vassar, quit the business, before he commenced packing up to move away, my rent would be due and payable, and he would come in and settle for it with me."

The lease was oral. The defendant admits that he leased the store at the rental named, but denies that there was any talk that the balance of the year's rent should become due in the event that he vacated it before the end of the year. Defendant took possession of the store May 1, 1913, and installed a Miss MacIntyre as manager, with general authority to buy goods, employ clerks, draw checks, pay bills, etc. Defendant had several stores in that vicinity, the principal one being at Pigeon, where he resided. On December 24th a fire occurred in the store, and damaged the stock to a considerable extent. Following the adjustment of the loss, arrangements were made for a fire sale, and some of the goods were packed the latter part of January, 1914, preparatory to shipping them away to some of the other stores. About this time the manager, Miss MacIntyre, checked the account out of the bank in which the plaintiff was interested. These acts, together with rumors about town that defendant was going to leave, made it appear to plaintiff that defendant was getting ready to leave, and he therefore demanded the rent for the balance of the year. This demand was refused, and attachment of the stock took

place at the close of business on Saturday evening, January 24th. For the purpose of justifying his demand for the rent for the balance of the year, the plaintiff offered statements of the manager and clerks to the effect that Saturday, January 24th, would be their last day in Vassar; that the stock was to be moved away. Most of these statements are said to have been made to customers of the store. These statements were admitted over defendant's objection that they were hearsay. The defendant denied that he was intending to leave Vassar before the end of his year, and denied that he ever authorized any of his clerks to make the statements, and explained that the goods packed were damaged ones that he was about to ship to other of his stores.

1. The manager, Miss MacIntyre, had general charge of the business in Vassar in the absence of defendant. Her statement that defendant had given her orders to "pack up and get out" was with reference to the business intrusted to her, and was clearly a part of the *res gestæ,* and therefore admissible as against the defendant. If we entertained any misgiving as to the admissibility of this statement under the rule, it would be cleared up by the testimony of defendant, wherein he admitted that he testified in justice's court that he instructed Miss MacIntyre that "if she didn't like to stay there, should could sell the stock and go back home."

It is not so clear that the statements of the clerks are admissible, but if they were not, the error in admitting them appears to be cured by the clerks afterwards becoming witnesses on behalf of the defendant and making a denial that they made such statements. *Rounsavell* v. *Pease,* 45 Wis. 506; *Roux* v. *Lumber Co.,* 94 Mich. 607 (54 N. W. 492).

2. The plaintiff was permitted, under objection, to testify that he was the agent of his wife in the leasing

of the store. This is relied on as an error. Counsel appears to rely upon the rule of law which precludes proving agency by declarations and statements of the agent. The cases cited do not apply, as the rule does not deny to the agent himself the right to testify as to the fact of his agency. He is as competent to testify to that fact as any other witness. 31 Cyc. p. 1651; 1 Mechem on Agency (2d Ed.), § 292; *Cleveland Co-Operative Stove Co.* v. *Mallery,* 111 Mich. 43 (69 N. W. 75).

And when his authority is verbal, as in this case, he is permitted to testify as to the extent of his authority. 31 Cyc. p. 1652, and cases.

Several errors are assigned as to the admissibility of certain testimony, and also upon the charge of the court, having reference to the other items of the account. These were all questions of fact, and we find nothing in the assignments which calls for a reversal of the case.

The judgment must be affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.