LIVESAY *v.* EAST SIDE CREAMERY CO.

1. PRINCIPAL AND AGENT—STATEMENTS OF AGENT—ADMISSIONS—WITNESSES.
   While it is not competent to show statements and admissions of an agent to establish his agency, he may testify 'to the fact of his agency; he being as competent upon that question as the principal would be.

2. SAME—EVIDENCE—SUFFICIENCY.
   Evidence, although conflicting, *held*, sufficient to sustain the finding of the trial court that agency was established.

3. SAME—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
   *Held*, that the verdict was not against the weight of the evidence.

Error to Lenawee; Hart, J. Submitted January 30, 1918. (Docket No. 70.) Decided October 7, 1918.

Assumpsit by Frank M. Livesay against the East Side Creamery Company for goods sold and delivered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Edward D. Devine,* for appellant.

*Herbert R. Clark* and *Henry I. Bourns,* for appellee.

BIRD, J. From a finding of facts by the trial court it appears that for several months prior to September 15, 1915, defendant purchased milk from one Guy R. Skidmore, of Jasper, who in turn purchased it from the farmers in that vicinity. Some disagreement arose between Skidmore and the farmers in September, 1915, and it looked as though they, or some of them, would refuse to make further deliveries to him. This coming to the attention of defendant, Mr. Paul Roggebamb, general manager of defendant, went to the Jasper creamery, where Skidmore had been re-

ceiving the milk, and arranged with George Delano and Frank Skinner, who were in charge of the creamery, to say to the farmers that if they would continue to deliver the milk to the Jasper creamery the defendant would pay them direct for all milk delivered after September 15th, at the rate of $1.30 per hundred. In pursuance of this arrangement Delano and Skinner conveyed the information to the farmers and as a result thereof they continued to deliver their milk at the Jasper creamery and Delano and Skinner in turn shipped the same to defendant. After milk had been delivered under this arrangement amounting to nearly $1,000 demand was made for payment. Defendant refused to pay, claiming that it had purchased the milk from Skidmore and paid him for it. Plaintiff thereupon, on behalf of himself and as assignee of other farmers who delivered milk, brought this suit to recover the amount due. A trial was had before the court without a jury and resulted in a judgment for plaintiff in the sum of $943.53. Exceptions to the conclusions of law and fact were duly filed by defendant.

1. Counsel contends that the trial court was in error in finding that a contract was made between defendant and plaintiff. The testimony of Delano and Skinner is direct and positive that such an agreement was made with the farmers through them. That after the 15th of September they received the milk from the farmers and forwarded it to defendant. The fact of delivery was corroborated by Mr. William Bradish, the station agent of the Detroit, Toledo & Ironton Railway Company at Madison. It is true that Mr. Roggebamb denied that he made the arrangement but does not deny that defendant received the milk. It is also claimed that Skidmore was paid for the milk under its contract with him. This appears to be denied

by Skidmore. The testimony on this phase of the case was in conflict and we think fully sustains the finding of the trial court.

2. But counsel says there was no competent proof that Roggebamb had authority to bind defendant to such an agreement, and the contention is made that Roggebamb's testimony to the effect that he had authority as general manager to purchase milk for defendant was incompetent. No rule of evidence was violated by permitting him to testify that he was the general manager of defendant, and as such officer had the authority to, and did, purchase milk for defendant. The case of *Logan* v. *Agricultural Society,* 156 Mich. 537, and other similar cases are cited to the effect that agency cannot be proved by the declaration of the agent. This is a well recognized rule, but it does not apply to this situation. It was not competent to show statements and admissions of Roggebamb to establish his agency, but because that is true it does not follow that Roggebamb himself may not testify to the fact of his agency. He is as competent a witness upon that question as his principal would have been. 31 Cyc. p. 1651; 1 Mechem on Agency (2d Ed.), § 292; *Cleveland Co-operative Stove Co.* v. *Mallery,* 111 Mich. 43; *Spears* v. *Black,* 190 Mich. 693.

3. It is also contended that the agency of Delano and Skinner is not made to appear by competent evidence. It appears that Roggebamb had the authority to make the arrangement with them, and it appears from their testimony that he did make the arrangement. This would justify the conclusion reached by the trial court that Delano and Skinner were the agents of defendant.

4. Witnesses Melner, Cross and Alcock, farmers with whom Delano and Skinner made the arrangements to continue bringing their milk in pursuance of the instructions of Roggebamb, were permitted to tes-

tify to the fact that the arrangement was made with them. This was competent as showing that Roggebamb's instructions were carried out by Delano and Skinner and that the witnesses relied upon the defendant's promise to pay them for their milk.

5. The point is raised that the verdict is against the weight of the evidence. We cannot agree with this contention. The testimony which was offered to establish the making of the contract and the authority of those who made it was very persuasive and amply supports the conclusion reached by the trial court.

The judgment is affirmed.

MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, C. J., and KUHN, J., did not sit.