# JANUARY TERM, 1921.

## BLACK *v.* SPEARS.

1. ABUSE OF PROCESS—ATTACHMENT—TROVER—VALID WRIT A DE-FENSE.

    In an action for the wrongful seizure of a stock of merchandise, the trial court properly directed a verdict for defendants on the first count, which is a simple count in trover alleging the unlawful and wrongful conversion of plaintiff's stock of goods to defendants' use, where it appears that the seizure was made under a valid writ of attachment.

2. SAME—NON-PARTICIPATION IN OPPRESSIVE ACTS—DIRECTED VERDICT.

    On rehearing, the opinion in 209 Mich. 1, reversing the judgment of the trial court on a directed verdict in favor of defendants, is modified, and, as to defendant wife, is affirmed, there being no evidence that she participated in any of the alleged oppressive acts of which complaint is made.

Error to Tuscola; Beach (Watson), J. Submitted October 9, 1919. (Docket No. 16.) Decided February 27, 1920. Re-argued October 22, 1920. Modified January 5, 1921.

Case by George V. Black against William J. Spears and Anna H. Spears for a wrongful seizure of a stock of merchandise under a writ of attachment. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed as to defendant Anna H. Spears, and reversed as to defendant William J. Spears.

*Kinnane, Black & Leibrand,* for appellant.

*Walter S. Wixson,* for appellees.

For former opinion, see 209 Mich. 1.

ON REHEARING.

PER CURIAM. Further consideration of this case, following a re-argument, convinces the court that the opinion as filed should be modified in two particulars. A perusal of that opinion shows that the writer indicated that there were two questions for determination: *First,* whether the court was in error in holding that recovery under the first count was barred by reason of the adjudication in the case of *Spears* v. *Black,* 190 Mich. 693; and, *second,* whether the court was in error in holding that recovery under the second and third counts was barred by the statute of limitations.

In the opinion filed the court proceeds to the discussion of the second question and holds that the statute of limitations is not a bar to recovery under these counts, but (apparently through inadvertence) failed to determine whether the court erred in directing a verdict for defendants under the first count. We conclude that the court properly directed a verdict for defendants under the first count because of the fact that the seizure was made under a valid writ of attachment, as indicated in the opinion in *Spears* v. *Black, supra.*

In defendants' brief upon rehearing and in oral argument it is strenuously urged that at all events the action of the court in directing a verdict in favor of defendant Anna H. Spears should be affirmed. A re-examination of the record convinces us that this should be done. The case of *Spears* v. *Black, supra,* which is the foundation for the case at bar, was brought by William J. Spears in his own name as assignee of his wife for rent due. This record is en-

tirely barren of any evidence indicating that defendant Anna H. Spears participated in any way in the alleged oppressive acts of which complaint is made.

We find no occasion to disturb our former opinion upon the question of the statute of limitations. The judgment of the circuit court will stand affirmed as to defendant Anna H. Spears, who will recover her costs against plaintiff Black, and will be reversed as to defendant William J. Spears, who will become liable for costs to plaintiff Black. A new trial is ordered against defendant William J. Spears.

BROOKE and CLARK, JJ.. took no part in this decision.