BLUE *v.* GLEANER CLEARING HOUSE.

1. PRINCIPAL AND AGENT—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.
   In an action for the price of two car loads of potatoes, where the defense was that defendant purchased them from one C. and not from plaintiff, testimony that C. was acting as defendant's agent in purchasing the potatoes from plaintiff, *held*, sufficient to justify submission of the question of agency to the jury.

2. SAME—PROOF OF AGENCY—EVIDENCE—ADMISSIBILITY.
   While alleged agents' declarations were not competent to establish their agency, their testimony was competent proof thereof.

3. SALES—WRITTEN CONTRACTS—EVIDENCE—ADMISSIBILITY.
   A sale of potatoes by plaintiff for which one C. gave him his own check, depositing in the bank the bill of lading with draft on defendant attached, did not constitute such a written contract as prevented plaintiff from showing the whole transaction by submitting proof that he was relying on information received from the bank that defendant had arranged to protect C.'s checks, and that C. was acting as its agent.

Error to Lapeer; Williams (William B.), J. Submitted June 15, 1922. (Docket No. 51.) Decided July 20, 1922.

Assumpsit by Henry N. Blue against the Gleaner Clearing House for goods sold and delivered. Judgment for plaintiff. Defendant brings error. Affirmed.

*William E. Brown* (*Clapperton & Owen,* of counsel), for appellant.

*B. F. Reed,* for appellee.

SHARPE, J.   The plaintiff, a produce dealer at Columbiaville, sued the defendant for the price of two car loads of potatoes.   The defendant admits the receipt of the potatoes, but claims it purchased them from one Crossman.   Plaintiff insists that Crossman was acting as agent of the defendant in making the purchase.   The trial court submitted the question of Crossman's agency to the jury, who found for plaintiff.   The assignments of error relate to the admission of certain evidence and the charge of the court.

We think there was abundant evidence to justify the submission of the agency question to the jury. Crossman testified that he was asked by Nelson J. Smith, the manager of defendant's Twelfth street branch, to get in communication with one of defendant's buyers, Henry B. Stevens; that he afterwards saw Stevens, who engaged him to buy potatoes for defendant on commission.   Mr. Simpson, defendant's general manager, admitted the agency of Smith and said that Stevens had authority to buy for defendant. Stevens had made arrangements with the Otisville State Bank to give Crossman credit on drafts on defendant with bills of lading attached.   Some misunderstanding having arisen, Mr. Smith wrote the bank:

"I have directed Mr. Crossman to make all shipments on order bills of lading and draw sight draft arrival on us.   *   *   *   These drafts will be all taken up."

On November 7th, Stevens and Crossman went to plaintiff's elevator.   He had one car of potatoes loaded and another partly loaded.   Stevens examined them and, so far as observable, the quality was acceptable. The price was then agreed upon.   He later telephoned Crossman to go to Columbiaville the next day and "buy the two cars of potatoes at the price named." Crossman did so, giving plaintiff his check on the

Otisville bank in payment therefor. He thereafter deposited the bill of lading with draft attached in the bank, but the defendant refused payment of same. Plaintiff testified that he understood Stevens and Crossman were buying his potatoes for the defendant. While their declarations were not competent to establish their agency, their testimony was competent proof thereof. *Spears* v. *Black,* 190 Mich. 693; *Cleveland Co-operative Stove Co.* v. *Mallery,* 111 Mich. 43; 31 Cyc. p. 1651. See, also, *Hunt* v. *Motor Devices Co.,* 215 Mich. 483, and *Douglas* v. *Insurance Co.,* 215 Mich. 529.

Defendant insists that the testimony thus admitted tended to contradict the written contract of sale as evidenced by the check given by Crossman and the bill of lading. The purchase and sale was completed when plaintiff delivered the potatoes to Crossman. Plaintiff had been informed by the cashier of the bank as to the arrangement defendant had made to protect Crossman's checks, and he testified that he accepted the check in reliance thereon. We think the writings did not constitute such a written contract of sale as prevented the plaintiff from submitting proof of the entire transaction for the consideration of the court and jury. From such proof the jury were justified in their finding that Crossman was acting as agent for the defendant and that plaintiff did not rely on Crossman's responsibility alone in making the sale. We are in accord with the many authorities cited by defendant's counsel, but in our opinion they do not support the claim that defendant was entitled to a directed verdict. We think the record free from reversible error.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.