Edna Crowley, Appellee, v. Charles Bugg, Appellant.

Gen. No. 39,419.

Opinion filed October 20, 1937.

ROBERTSON, CROWE and SPENCE, of Chicago, for appellant; BURT A. CROWE, of Chicago, of counsel.

MERLE E. FINCH, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the superior court in favor of the plaintiff Edna Crowley for the sum of $1,250 as damages because of injuries which she received while in the theatre of the defendant Charles Bugg. The cause was tried before a judge and jury.

No question is raised as to the pleadings.

Plaintiff's complaint charges that the defendant Charles Bugg owned and operated a moving picture theatre on North Damen Avenue, Chicago; that plaintiff purchased a ticket, entered the theatre and started

down the aisle to find a seat; that the defendant carelessly, negligently and improperly failed to provide reasonably adequate lighting facilities along the aisles of the theatre where plaintiff was compelled to walk in order to find a vacant seat; that the defendant carelessly, negligently and improperly failed to provide an usher or attendant to assist the plaintiff to find a vacant seat and failed to keep the aisles free and clear of children and obstructions; that on the day of the accident, while the plaintiff was walking in said aisle and while in the exercise of ordinary care for her own safety, the plaintiff fell over a child standing or playing or otherwise obstructing said aisle in said theatre and as a result thereof the plaintiff sustained injuries.

Defendant's answer admitted the ownership and control of the theatre and admitted that plaintiff had purchased a ticket and went into the theatre but denied each and every allegation of the complaint.

The evidence shows that on March 13, 1935, the plaintiff, who was a school teacher, purchased a ticket and entered the theatre of the defendant; that she had attended the theatre before, but on the date aforesaid, she started to walk down the aisle and when about five feet from the doorway she stumbled and fell over a child, who was in the aisle; that she could not see the child because of the darkened condition of the aisle; that there were no lights on the floor of the theatre and that the picture was going on; that in falling over the child the upper part of her head hit the upper part of a chair; that her lip was cut, which required three sutures; that her eyes were swollen and were black and blue and that she had X-rays taken and her teeth were injured; that she received bills from the doctors and for the X-rays which amounted to $198; that if she had worked she would have earned $330, for three weeks and a half; that it is difficult for her to breathe through her nostril in cold weather and that the sewed lip bothers her somewhat in her speech.

William A. Boost, a witness for plaintiff, testified that on the afternoon of the accident he was in the theatre about three rows from the door and was watching the picture; that there was a child in the aisle and all of a sudden he saw somebody fall; that he couldn't make out what it was, but he lifted the plaintiff up and gave her a handkerchief to stop the bleeding about her face; that while he was in the theatre he noticed a child in the aisle; that suddenly he did not see the child any more, that it had disappeared; that when he came back after the accident the child had gone; that he did not notice any ushers in the theatre, but at times he had seen ushers there at matinees; that he did not notice any other people going up or down the aisle at the time.

Clarence Wagner, manager of the theatre, testified that while pictures are being shown there are trough indirect lights around the theatre which throw a light across the entire ceiling and indirectly to the floor; that standing on one side of the theatre a person can see to the other side of the theatre while the picture is going on, can see clearly from any place in the house.

Charles Schneider, the doorman of the theatre, testified that on the day of the accident the theatre was giving away dishes to patrons; that plaintiff looked at the dishes and passed into the theatre; that the trough lights were all lighted at the time and that standing at any one of the four walls of the theatre one could clearly see across the theatre when a picture was on; that plaintiff came out of the theatre with Mr. Boost and stated that she had had an accident, having stumbled over a child who was standing or running in the aisle.

In the briefs filed in this court neither counsel has included a short paragraph giving an outline of the case. This omission is in violation of rule 7 of this court.

Defendant contends that plaintiff failed to prove that the accident and injury were caused by any negligence on the part of defendant.

In the case of *Gibbons v. Balaban & Katz Corp.*, 242 Ill. App. 524, which was a case somewhat similar to the instant case, the court said at page 529: "We think that under the facts disclosed it was defendant's duty to its patrons to sufficiently light the aisle and stairway during the exhibition of a picture. It appears that during exhibitions they, with defendant's consent, entered or left the theatre at will by way of said aisle and stairway and by other aisles, etc. In 38 Cyc. pp. 268, 269, it is said: 'The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use, and to furnish adequate appliances for the prevention of injuries which might be anticipated from the nature of the performance. . . . He is required to use care and diligence to put and keep the premises and appliances in a reasonably safe condition for persons attending; and if he fails to perform his duty in this respect so that the premises or appliances are in fact unsafe, he may be held liable for personal injuries occasioned thereby. . . . Reasonable care is held to be the measure of duty, and the undertaking of the proprietor is held not to call for an application of the same strict rule of responsibility as in the case of common carriers. He is not an insurer.' These rules have been held applicable as to the lighting of aisles, stairways, etc., of theatres (see note in 22 A. L. R. p. 670 *et seq.*). . . . And in the instant case we think that the question whether the stairway and steps were insufficiently lighted as charged, and whether defendant was negligent in failing to have them sufficiently lighted at the time of plaintiff's fall, were questions for the jury under the conflicting evidence to determine."

It is next contended by the defendant that the plaintiff was guilty of contributory negligence. In the case of *Gibbons v. Balaban & Katz Corp.*, 242 Ill. App. 524, in citing the case of *Andre v. Mertens*, 88 N. J. L. 626, it was held that the injured plaintiff could not be held guilty of contributory negligence as a matter of law, but that the question as to whether she was or not was for the jury to determine. We think in the instant case that under all the evidence, whether plaintiff was guilty of contributory negligence, was for the jury to determine.

It is next contended that the so-called negligence of the defendant was not the proximate cause of the injury; that the injury was caused by an independent agency, namely, the child in the aisle over which the plaintiff fell. It is not necessary that an act of negligence to be the proximate cause of an injury, need be the sole or exclusive proximate cause, but it must be a proximate cause, either alone or concurrently with some other cause.

In the case of *Casey v. City of Chicago*, 189 Ill. App. 188, where a child, while playing in the street, was killed by a cake of ice falling from a wagon because the wagon ran into a hole in the street, it was held that the negligence of the driver of the wagon would not excuse the negligence of the city in permitting the holes to be in the street if such negligence of the city was the proximate cause of the accident and that ''an act of negligence to be the proximate cause of an injury, it need not be the sole or exclusive proximate cause, but it must be a proximate cause, either alone or concurrently with some other.''

In the instant case it is our opinion that even though a child in the aisle of a darkened theatre caused the plaintiff to fall and be injured, that does not excuse the defendant from the duty imposed upon him to keep and maintain the aisles of his theatre in a reasonably

safe condition for the use of patrons and would not preclude plaintiff from recovering damages for the injuries which she sustained. *Stone v. Donk Bros. Coal & Coke Co.*, 199 Ill. App. 64.

It is next contended that plaintiff's attorney was guilty of having made improper and prejudicial remarks to the jury. We have examined the remarks and, inasmuch as the court sustained the objection of counsel and instructed the jury to disregard such remarks, we do not believe the rights of the defendant were prejudiced thereby.

Plaintiff entered the theatre of the defendant which was poorly lighted, there were no ushers present and in seeking a place to sit she passed down the aisle and through no fault of her own she fell and was injured through the negligence of the defendant. Plaintiff was seriously injured and we do not think the amount of damages fixed by the jury was excessive.

For the reasons herein given the judgment of the superior court is affirmed.

*Judgment affirmed.*

HEBEL, P. J., and HALL, J., concur.