# Luckhurst v. Gimbel Brothers, Incorporated, Appellant.

*Negligence—Restaurant—Defective chair—Evidence—Province of court and jury.*

In an action against the proprietor of a public restaurant to recover damages for personal injuries caused by the breaking of a leg of a chair, the case is for the jury where the evidence shows that the chair in question was one of 600 chairs used in the restaurant, that these chairs were daily inspected by two or three men in two hours, that screws in some of the chairs became loose from time to time, and that the chair in question when brought into court showed that several of its screws were missing, and that these screws were used to hold the legs in place, and were necessary to the stability of the chair.

Argued Oct. 16, 1908. Appeal, No. 91, Oct. T., 1908, by defendants, from judgment of C. P. No. 2, Phila. Co., March T., 1904, No. 4,303, on verdict for plaintiffs in case of Allen E. J. Luckhurst and Ada M. Luckhurst, his wife, v. Gimbel Brothers. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries.  Before
WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Allen E. J. Luckhurst for $600 and
Ada M. Luckhurst for $800.

*Error assigned* was in refusing binding instructions for de-
fendant.

*F. B. Bracken,* of *Loughlin & Bracken,* for appellants.—The
mere happening of the accident itself, the only proof offered by
plaintiff, did not justify the inference that it resulted from the
negligence of defendant, and there was no issue of fact for sub-
mission to the jury.  The maxim res ipsa loquitur did not apply:
Weeks v. McNulty, 101 Tenn. 495 (48 S. W. Repr. 809); Stan-
ley v. Bircher, 78 Mo. 245.

There was no evidence of negligence: Stearns v. Spinning Co.,
184 Pa. 519; Titus v. R. R. Co., 136 Pa. 618; Kepner v. Trac-
tion Co., 183 Pa. 24; Rushton v. Allegheny, 192 Pa. 574; Childs
v. Crawford County, 176 Pa. 139; Clark v. Foundry Co., 219 Pa.
426; Garnett v. Bridge Co., 98 Fed. Repr. 192; Lanahan v.
Turnpike Road Co., 4 Pa. Superior Ct. 382.

The doctrine res ipsa loquitur, dangerous and uncertain at
best, is never to be applied except where it not only supports the
conclusion contended for, but also reasonably excludes every
other: Alexander v. Water Company, 201 Pa. 252; Lewin v.
Pauli, 19 Pa. Superior Ct. 447; Sack v. Ralston, 220 Pa. 216.

*John Wilson,* with him *W. W. Porter* and *Maxwell Stevenson,*
for appellees.—Thus the following circumstances have been held
to raise a presumption of negligence:

The falling of cinders from a overhead railroad: Lowery v.
Ry. Co., 99 N. Y. 158 (1 N. E. Repr. 608).

The falling of a bolt from an overhead railroad: Volkmar v.
Ry. Co., 134 N. Y. 418 (31 N. E. Repr. 870); Hogan v. Ry. Co.,
149 N. Y. 23 (43 N. E. Repr. 403); Maher v. Ry. Co., 53 Hun,
506.

The falling of overhead telegraph wires: Thomas v. Telegraph

Co., 100 Mass. 156; Penna. Tel. Co. v. Varnau, 15 Atl. Repr. 624.

The falling of a barrel from a window: Byrne v. Boadle, 2 H. & C. 722.

The falling of a bag of coffee: Scott v. Docks Co., 3 H. & C. 596.

The falling of bales of hay: Dehring v. Comstock, 78 Mich. 153 (43 N. W. Repr. 1049).

The falling of a building: Mullen v. St. John, 57 N. Y. 567, and Vincett v. Cook, 4 Hun, 318.

The falling of a scaffold: Flynn v. Gallagher, 52 N. Y. Super. 524.

The falling of an elevator: Moran v. Wagon Co., 74 Hun, 454.

The falling of hoisting machinery: Lyons v. Rosenthal, 11 Hun, 46.

The sudden giving way of a door of a railway carriage: Gee v. Rẏ. Co., L. R. 8 Q. B. 161.

The falling of a gang plank between a ship and a wharf: Packet Co. v. Defries, 94 Ill. 598.

The falling of cross ties from a moving train: Howser v. R. R. Co., 80 Md. 146 (30 Atl. Repr. 906).

The falling of an iron block from a derrick, caused by the breaking of a rope: Graham v. Badger, 164 Mass. 42 (41 N. E. Repr. 61); Shafer v. Lacock, 168 Pa. 497; Booth v. Dorsey, 208 Pa. 276; Mulhearn v. Roach, 24 Pa. Superior Ct. 483; Fisher v. Ruch, 12 Pa. Superior Ct. 240.

In the case at bar the fact that the defendants conducted a general retail store and restaurant, constituted an invitation to the public to enter their store for the purpose of transacting business or eating lunch therein; and it therefore became their duty to have the store or restaurant and the appliances and furniture therein free from any weakness or defect that might reasonably be expected to result in bodily injury to their customers. Persons entering their store had a right to assume that they had performed their duty in this regard: Polenske v. Lit Bros., 18 Pa. Superior Ct. 474; Quirk v. Siegel Cooper Co., 43 App. Div. (N. Y.) 464; Clopp v. Mear, 134 Pa. 203; Reid v. Linck, 206 Pa. 109; Beale on Innkeepers and Hotels, 163; Sev-

ery v. Nickerson, 120 Mass. 306; Southcote v. Stanley, 1 H. & N. 247; Stott v. Churchill, 15 N. Y. Misc. 80 (36 N. Y. Supp. 476); Woodruff v. Painter, 150 Pa. 91.

The plaintiff having proved all the facts within her power to prove was entitled to go to the jury.: R. R. Co. v. Spearen, 47 Pa. 300; Matthews v. R. R. Co., 18 Pa. Superior Ct. 10; Ayres v. Wanamaker, 220 Pa. 313.

An inference of negligence having arisen, the merit of the defense was a question of fact which the court could not decide, and therefore binding instructions would have been error: R. R. Co. v. Weiss, 87 Pa. 447; McCafferty v. R. R. Co., 193 Pa. 339; Kane v. Philadelphia, 196 Pa. 502; Devlin v. Beacon Light Co., 198 Pa. 583; Rauch v. Smedley, 208 Pa. 175; Hedricks v. Schuylkill Twp., 16 Pa. Superior Ct. 508; Matthews v. R. R. Co., 18 Pa. Superior Ct. 10; Ackley v. Bradford Twp., 32 Pa. Superior Ct. 487.

OPINION BY HENDERSON, J., February 26, 1909:

The defendant contends that the maxim, res ipsa loquitur, applies in this case and that there was no issue of fact for the jury. If the plaintiff's case rested on the happening of the accident alone it would be necessary to consider and determine the applicability of the principle invoked by the appellant. It is true the plaintiff did not undertake to show the particular defects which caused the chair to give way, but the defendant's evidence does throw light on that subject, for the chair which caused the accident was brought into court and exhibited to the jury. Its construcaton was also described to some extent from which it appears that it was what is known in the trade as a bentwood chair, the legs of which were supported by a circular brace, described by one of the witnesses as a "runaround." Screws were used to hold the legs in place and were necessary to the stability of the chair, as was shown by the evidence of two or three of the witnesses. It was in the possession of the defendant or its employees from the time of the accident until it was brought into court, at which time several of these screws were missing and if they or some of them were not in the chair at the time the plaintiff was hurt the accident might be readily accounted for.

The defendant offered evidence that they were in place at the time the accident occurred, and one of the witnesses undertook to account for their absence at the time of the trial by stating that the chair had been at the office of the defendant's counsel and that they were probably lost there. This, of course, was a purely conjectural explanation, and in view of the fact that the defendant had the custody of the chair might not have been at all satisfactory to the jury. It appeared that screws in some of the chairs in the restaurant became loose from time to time, as a result of which the chairs became "rickety" and were removed for repairs. It was an important fact, therefore, that these screws were missing from the chair in question when it was first brought to the attention of other persons than the defendant's employees after the accident. The defendant's evidence was to the effect that each chair was inspected every morning and if found "shaky" it was taken away. As there were about 600 to be examined and the inspection was made by two or three men in two hours the matter of the carefulness of the examination was peculiarly a question for the jury. There was also evidence that of the 600 chairs about 100 were "braced up with wire" to strengthen them. Whether the chair in question was so repaired does not appear from the oral evidence. The credit to be given to the explanations made by the defendant's witnesses in view of the circumstances was for the jury, and this evidence taken in connection with the condition and appearance of the chair at the trial could form a basis for the jury's finding on affirmative proof that the plaintiff's injury was a result of the defendant's failure to exercise due care in providing its guest with a substantial chair; and in that case the condition of the chair exhibited would be directly contradictory of the defendant's employees who testified that they had examined it before the accident and found it in good order.

These considerations answer the appellant's second proposition that the defendant's evidence conclusively rebutted any presumption of negligence arising from the mere happening of the accident. The court would not have been warranted in instructing the jury that the defendant had exonerated itself from liability. On the whole case we are of the opinion that the

question of the defendant's negligence was one of fact for the jury.

The judgment is affirmed.