## Durning et al., Appellants, v. Hyman.

*Negligence—Breaking of seat in theater—Inferences—Evidence —Burden of proof—Permitting dangerous condition to exist—Res ipsa loquitur.*

1. If it is shown that a dangerous condition was permitted to exist, and an injury resulted therefrom, although the doctrine of res ipsa loquitur may not apply, still the one responsible is liable for the natural and probable consequences resulting, and but slight evidence is sufficient to meet the burden of proof placed on the person injured.

2. There are cases in which an inference of negligence arises from the circumstances under which an accident occurred.

3. When the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence,

in the absence of explanation by the defendant, that the accident arose from lack of care.

4. The proprietor of a theater is not a warrantor or insurer that the seats and appliances therein are absolutely safe, but he impliedly warrants that they are safe for the purposes intended, save only as to those defects which are unseen, unknown, and undiscoverable by reasonable inspection.

5. Where a person attends a theater, and takes a seat provided for the use of patrons, and the seat gives way under her resulting in injuries, and the proprietor of the theater in a suit against him makes no explanation of the accident, it is error for the court to enter a compulsory nonsuit. Such case is for the jury.

Argued April 20, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 132, Jan. T., 1926, by plantiffs, from order of C. P. No. 1, Phila. Co., June T., 1924, No. 14046 refusing to take off nonsuit, in case of Ella Durning, a minor by her father and next friend, Charles Durning, and Charles Durning, in his own right, v. Samuel Hyman. Reversed.

Trespass for personal injuries. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned* was order, quoting record.

*A. B. Hirsch,* of *Hirsch & Salus,* for appellants.— A patron of a moving picture theater is entitled to have the case go to the jury on proof that she was injured by her seat breaking, causing her to fall to the floor: Redmond v. Horse Show Assn., 138 N. Y. Supp. 364; Barrett v. Improvement Co., 174 N. Y. 310; Sellmer v. Ringling, 62 Pa. Superior Ct. 410; Whitehouse v. Ry., 36 Pa. Superior Ct. 584; Shafer v. Lacock, 168 Pa. 497; Fox v. Amusement Co., 9 Ohio App. 426.

*A. W. Horton,* of *Horton & Lowenthal,* for appellee.—
The nonsuit was proper: Leckstein v. Morris, 80 Pa.
Superior Ct. 352; Ferguson v. Sturch, 61 Pa. Superior
Ct. 516; Donohue v. Telegraph Co., 57 Pa. Superior
Ct. 251; Chapman v. Clothier, 274 Pa. 394; Huey v.
Gahlenbeck, 121 Pa. 238; Nichol v. Tel. Co., 266 Pa.
463; Truschine v. Mfg. Co., 63 Pa. Superior Ct. 124.

OPINION BY MR. JUSTICE SADLER, May 10, 1926:

Ella Durning, a child of thirteen, purchased a ticket
of admission to a moving picture theater, operated by
the defendant, Hyman. With two friends, she entered
the building from the rear, and passed up the aisle to a
row of seats containing vacant places. When she pulled
one down and sat upon it, the left side gave way, causing
her to be thrown to the floor, sustaining certain injuries
as a result. At the trial of the action instituted to recover
damages, she testified, as did one of her companions,
that the seat "broke," causing the fall. Upon the con-
clusion of plaintiff's testimony, a nonsuit was granted,
on the ground that no negligence had been proved,
which the court subsequently refused to take off. From
this order an appeal has been taken.

The question involved is narrow. There is, ordinarily,
no presumption of negligence arising from the happen-
ing of an accident, and the burden of proving that the
injury resulted by reason of a failure of defendant to
exercise reasonable care must be affirmatively shown.
This is true, whether the claimant be a minor or an adult
(Nichol v. Bell Tel. Co., 266 Pa. 463), and the assump-
tion of the taking of due precautions for the safety of
others (P. & R. Ry. Co. v. Hummell, 44 Pa. 375) must be
overcome by facts establishing a failure to do so, or of
circumstances from which such inference naturally fol-
lows. Where there has been an omission to observe
some absolute duty, or to perform an obligation as to
which the defendant is practically an insurer, the con-
trary is true, and if the parties bear such contract rela-

tion, as in the case of the carrier who agrees to carry safely, and has in its sole control the appliances necessary for transportation, a presumption of negligence arises, where an injury occurs: Laing v. Colder, 8 Pa. 479. A like rule has been enforced where the loss complained of resulted from the fall of an elevator in which plaintiff was a passenger: Fox v. Phila., 208 Pa. 127; McKnight v. Kresge Co., 285 Pa. 489. Even in such instances, the legal conclusion may be rebutted by showing the accident was one which the utmost skill, foresight and diligence could not have prevented: Meir v. P. R. R. Co., 64 Pa. 225.

Though the facts here disclosed do not permit the application of the doctrine of res ipsa loquitur, yet, if it is shown a dangerous condition was permitted to exist, the one responsible is liable for the natural and probable consequences resulting, and but slight evidence is sufficient to meet the burden of proof placed on the person injured: Murray v. Frick, 277 Pa. 190. There are cases in which an inference of negligence arises from the circumstances under which the accident occurred. "When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care": Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504. Under such circumstances, a deduction of a lack of due care may be drawn by the jury. "It is sometimes said that the mere happening of an accident in this class of cases raises a presumption of negligence, but this is hardly accurate. Negligence is not presumed. If it were, it would be the duty of the court, in the absence of exculpatory evidence by the defendant, to direct a verdict for the plaintiff, whereas in these cases the question is for the jury. The accurate statement of the law is not that negligence is presumed, but that the cir-

cumstances amount to evidence from which it may be inferred by the jury": Zahniser v. Penna. Torpedo Co., 190 Pa. 350, 353. The defendant, in such instances, is called upon to show, not necessarily the cause of the accident, but that he exercised due care to prevent harm: Spees v. Boggs, 198 Pa. 112. If such facts appear in the testimony of the plaintiff, a nonsuit should be entered (Stearns v. Ontario Spinning Co., 184 Pa. 519), or, if established in defense, binding instructions are properly given, but in one way or the other, a satisfactory explanation is required.

In the present case, the plaintiff entered the moving picture house, and placed herself upon a seat provided for the use of patrons. It broke and caused the fall. The duty devolved upon the proprietor to show that reasonable diligence had been used to provide safe accommodations, and that a proper inspection was made to assure their suitable condition. A clear statement of the applicable rule is found in 1 Thompson on Negligence, section 996, cited with approval in Sellmer v. Ringling, 62 Pa. Superior Ct. 410, 411, where the claim of plaintiff, resulting from the fall of unsupported boards in an aisle of circus seats, was held to be for the jury, in absence of proper proof by defendant that due care had been taken.

It was said by the author referred to: "The duty assumed by the owners of places to which the public resort in large numbers is manifestly analogous to that which the law imposes on carriers of passengers. Doubtless the true theory is that such persons assume the obligation of exercising reasonable care, and that what will be a reasonable care will be a degree of care proportioned to the danger incurred and the number of persons who will be subjected to that danger. A good expression of the rule of liability, applicable to such cases, is......to the effect that the proprietor of such structure is not a warrantor or insurer that it is absolutely safe, but that he impliedly warrants that it is safe for the purpose in-

tended, save only as to those defects which are unseen, unknown and undiscoverable. Such being the nature of the obligation, it is obvious that the proprietor of such a building is under a continuing duty of inspection, to the end of seeing that it is reasonably safe for the protection of those whom he invited to come into it; and that if he neglects his duty in this respect, so that it becomes unsafe, the question of his knowledge or ignorance of the defects which rendered it unsafe is immaterial."

Except as the controlling principles have been laid down in the cases above cited, the liability of the theater owner to one attending a performance has not been the subject of discussion in our appellate courts, though discussions are to be found sustaining recoveries where affirmative proof of negligence was offered by the plaintiff: Leckstein v. Morris, 80 Pa. Superior Ct. 354; Rutherford v. Academy of Music, 3 Adv. (Unof. Ser.) Superior Ct. 320. In other jurisdictions, the question now expressly presented has been considered, and the applicable rules applied. The proprietor, though not an insurer of safety, "impliedly contracts that, except for unknown defects, not discoverable by reasonable means, the [appliance which proved to be defective] is safe": Scott v. Athletic Assn., 152 Mich. 684, 116 N. W. 624; Logan v. Agricultural Society, 156 Mich. 537, 121 N. W. 485; Redmond v. National Horse Show Assn., 138 N. Y. Supp. 364; Barrett v. Lake Ontario Beach Imp. Co., 174 N. Y. 310, 66 N. E. 968. "The owner of a place of entertainment is charged with an affirmative positive obligation to know that the premises are safe for the public use. He may not be exonerated merely because he had no precise knowledge of the defective condition of the place to which he has invited the public. When they accept his invitation and pay the prescribed admission fee, they have a right to assume he has furnished a safe place for them to witness the performance": Lusk v. Peck, 116 N. Y. Supp. 1051, 1054.

It has been held in New York that, in the absence of proof by defendant showing a condition of uncontradicted facts establishing a reasonable degree of care to keep the premises in proper condition, the question is for the jury: Schnizer v. Phillips, 95 N. Y. Supp. 478. Like rulings are to be found in other jurisdictions, where the theater patron has been injured by slipping on a loose carpet (Sharpless v. Pantages, 178 Cal. 122, 172 Pac. 384), in stepping from a row of seats to the aisle which was lower (Oakley v. Richards, 275 Mo. 266, 204 S. W. 505; Bennetts v. Silver Bow Amusement Co., 65 Mont. 340, 211 Pac. 336), into a depression in the aisle (Currier v. Boston Music Hall Assn., 135 Mass. 414), by the unexplained fall of a radiator in the lobby of the building (Carlson v. Swenson, 197 Ill. App. 414), and by the breaking of a seat installed for the use of the public: Fox v. Bronx Amusement Co., 9 Ohio App. 426.

Plaintiff was properly in the moving picture house, and placed herself on a seat provided for those attending the performance. She had the right to rely on the assumption that the defendant had used reasonable care for her safety. Her proof made necessary some explanation by defendant showing due precaution had been exercised to prevent the happening of the accident which occurred. In the absence of any such testimony in the case in chief, a nonsuit should not have been granted.

The judgment is reversed and a venire facias de novo is awarded.