[Civ. No. 8743. First Appellate District, Division One.—September 22, 1934.]

ROBERT CHARDON, Respondent, v. ALAMEDA PARK COMPANY (a Corporation), Appellant.

20

Ford & Johnson and Francis N. Foley for Appellant.

Breed, Burpee & Robinson for Respondent.

KNIGHT, J.—The defendant owns and operates for profit a public pleasure resort in Alameda known as Neptune Beach, wherein various forms of entertainment are provided, among them being several different kinds of athletic and amusement devices including swings, horizontal bars, ladders, overhead rings and slides or chutes, as they are sometimes called, all located on a square of ground which has been covered with sand. The plaintiff, while visiting the resort with his wife and a party of children, descended one of the slides, and in landing on the ground below sustained a fractured spine and serious internal injuries. Claiming that the accident was caused by the negligence of the defendant in failing to keep the landing place at the bottom of the slide in a safe condition for patrons using the slide, he brought this action for damages and a jury awarded him a verdict for $4,000. From the judgment entered thereon the defendant prosecutes this appeal, contending that the evidence is insufficient as a matter of law to support the verdict, and that the court erred in giving and refusing to give a number of instructions and in ruling on the admissibility of certain evidence.

■ It is held generally that one who patronizes an amusement device must be regarded as assuming any risk naturally and obviously arising from the proper use and operation of the device if it is properly designed, constructed and maintained. But it is also well settled that the proprietor of a public place of amusement is required to exercise the precaution, skill and care commensurate with the circumstances to maintain the place and every contrivance used in its operation in a reasonably safe condition for the use intended, and that for any injury proximately caused by a failure to perform such legal duty he is liable in damages to the injured party. (26 R. C. L. 714, 715.) ■ He is not an insurer of the safety of his patrons, nor liable if contributory negligence be shown; but the law imposed upon him the duty of exercising that degree of care which would be expected of an ordinarily careful and prudent person in seeing that all devices operated by him are properly constructed and maintained in fit condition for the purposes

for which they are intended to be used and are managed by agents of competent skill with that degree of skill which an ordinarily prudent person would exercise under like circumstances in a like situation (*Carlin* v. *Smith*, 148 Md. 524 [130 Atl. 340, 44 A. L. R. 193]; 26 R. C. L. 714, 715); ▇ and if through failure to perform such legal duty he allows any such devices to become in fact unsafe, which results in injury to a patron, his knowledge or ignorance of the defect is immaterial. (26 R. C. L. 714; *Hart* v. *Washington Park Club*, 157 Ill. 9 [41 N. E. 620, 48 Am. St. Rep. 298, 29 L. R. A. 492].) ▇ Furthermore, it is well established that the questions of the negligence of the proprietor and of the contributory negligence of the patron are for the jury to determine. (*Firszt* v. *Capitol Park Realty Co.*, 98 Conn. 627 [120 Atl. 300, 29 A. L. R. 17].)

The evidence in the present case shows there were two slides located on the recreation ground mentioned. Plaintiff was injured while using the larger one. It was twenty-one feet in length, twelve feet high at the upper end, and twelve or fourteen inches above the surface of the ground at the lower end; the chute was straight with two "humps" about equal distance apart, and the lower end was curved slightly upwards. It was wide enough to accommodate adults, and was used alike by adults and children. The defendant employed a man to look after the devices on said recreation ground and part of his duty was to see that the ground at the bottom of the slides was kept covered with sand of sufficient depth to prevent injury to patrons using the slides and to replenish the sand whenever necessary to keep the landing places safe. Evidence was introduced in behalf of plaintiff to show, however, that the landing place at the bottom of this particular slide was not maintained in a safe condition; that most of the sand at the bottom of the chute had become scattered and had not been replenished, so that when plaintiff descended the slide he landed in a sitting position on a hard surface of ground at the bottom of a depression about three feet in diameter and eighteen inches deep, thereby fracturing his spine and causing very serious injury to certain abdominal organs. He was rendered practically helpless for several weeks, but after undergoing much surgical and medical treatment was able

at the time of trial to get about in an impaired condition with the aid of a steel and leather body brace.

█ It is apparent, therefore, that under the law of the cases above cited, it was a question of fact for the jury to determine whether plaintiff's injuries were proximately caused by the failure on the part of the defendant to exercise reasonable care in keeping the ground beneath the slide in a safe condition or were contributed to in any manner by negligence on plaintiff's part; and the jury having found in plaintiff's favor on both issues, the evidence is legally sufficient to support the conclusion reached by the jury. (*Fishbaine* v. *White Star Line*, 224 Mich. 173 [194 N. W. 494]; *Murphy* v. *Electric Park Amusement Co.*, 209 Mo. App. 638 [241 S. W. 651].) The two cases just cited are directly in point, the facts thereof showing that the accidents there happened exactly the same as the one did here. In the Fishbaine case sand at the bottom of the slide had become scattered and was not replenished. The trial court directed a verdict for the defendant, but on appeal its ruling was reversed. And in the Murphy case pads used at the bottom of the slide to break the fall were not kept in place. The verdict was in favor of the plaintiff and on appeal the judgment entered on said verdict was affirmed.

█ In contending that plaintiff was guilty of contributory negligence defendant calls attention to evidence showing that plaintiff did not examine the condition of the sand at the bottom of the slide before descending. The courts have held, uniformly, however, that a patron of a public resort is not obliged to make a critical examination of the device or contrivance he is about to use in order to determine whether or not it is safe, but, on the contrary, has the right to assume that those in charge have exercised due care in the matter of inspection and have taken proper precautions for the safety of its patrons. (See note, 22 A. L. R. 616 et seq.) █ It is argued also that plaintiff must have observed the condition of the landing place because before using the slide he had been sitting for some time with his wife within ten or fifteen feet of it. He denied having noticed the depression, however, and his denial in this regard is legally sufficient to support the jury's conclusion on this point. █ Nor is there any merit in defendant's contention that the use of the slide

was restricted to children. There were no signs displayed so restricting its use, and, as already stated, it was located on the recreation ground with many other adult amusement contrivances, and was in fact used generally by adults, defendant's adult employees themselves having frequently used the same for their own pleasure.

The remaining assignments of error are likewise without merit. With respect to the instructions, the record shows that the jury was fully and fairly advised as to the law upon all material issues involved. The subject matter of the first instruction set forth in section II of defendant's brief was covered by others which the court gave. If, as defendant argues, the latter portion of said instruction was intended to convey the meaning that plaintiff was required to inspect the slide before using it, the instruction was properly refused because, under the authorities already cited, no such duty was imposed upon him. As stated in substance in the second instruction set out under this same subhead, plaintiff had the right to assume that those in charge of the device had exercised due care in inspecting it and taken the necessary precautions to see that it was safe for the patrons who might use it. (22 A. L. R., p. 616, note.) The instruction embodied in section III of said brief was evidently based on the principle of law declared in *Harvey* v. *Machtig,* 73 Cal. App. 667 [239 Pac. 78]; and while the word "inspect" instead of the word "test" might have been used more appropriately in connection with the facts of this particular case, it is apparent that the use of the latter word did not render the entire instruction misleading, especially when it is read along with the several others given upon the same subject. The next instruction, quoted in section IV of defendant's brief, was clearly erroneous and therefore properly refused. As shown by the authorities above cited, knowledge on the part of defendant of the defective condition of the slide was not essential in order to establish liability. (See, also, *Easler* v. *Downie Amusement Co.,* 125 Me. 334 [133 Atl. 905, 53 A. L. R. 847]; *Durning* v. *Hyman,* 286 Pa. 376 [133 Atl. 568, 53 A. L. R. 851].) The cases cited by defendant in support of its contention on this point are not applicable here. They deal generally with the rule governing liability for injuries to invitees caused by defects on private prem-

ises; whereas the proprietor of a public amusement park is charged with a stricter accountability for the safety of those who have paid an admission fee to enter his premises. (22 A. L. R. 611, note.) The three remaining instructions complained of were properly given. The first is similar in form to one proposed by defendant and given in its behalf; and the second and third are based respectively upon the authority of *Malone* v. *Hawley*, 46 Cal. 409, and *Kline* v. *Santa Barbara etc. Ry. Co.*, 150 Cal. 741 [90 Pac. 125].

The first witness for plaintiff was his wife. In answer to preliminary questions she stated that on the day of the accident she accompanied her husband to the resort, and that they took with them five children, two of whom were theirs. Then, over defendant's general objection that the testimony was immaterial, she was allowed to give the ages of all the children, none of whom was over twelve. Defendant now contends that the apparent purpose of the testimony of said witness in relating the ages of her own children was "to create prejudice or sympathy with the jury on the question of damages." There is no foundation for such contention. The testimony was clearly admissible, preliminarily at least, for the purpose of showing the circumstances under which plaintiff and his wife visited the resort. Moreover, nowhere does defendant make any complaint about the amount of damages awarded; and in view of the serious, permanent injuries plaintiff sustained, the pain suffered by him as a result thereof, the cost of the surgical and hospitalization treatment, and his loss of time and earning capacity, it would seem that the conservative amount allowed by the jury completely negatives any intimation that in fixing such amount the jury was actuated by feelings of sympathy or prejudice.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.