## Freda et vir *v.* Lake Ariel Park & Amusement Company, Appellant, et al.

Argued March 6, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

626

*Raymond Bialkowski*, with him *S. Augustus Davis*, for appellant.

*Ernest D. Preate*, with him *Frank J. McDonnell*, for appellees.

OPINION BY RENO, J., April 11, 1944:

The defendant, appellant here, operated an amusement park, and maintained therein a comfort station in which the wife plaintiff was injured. She and her husband recovered verdicts in an action of trespass for negligence. From the refusal of appellant's motions for judgment n.o.v. and a new trial, it appealed.

While the wife plaintiff was walking across the floor of the comfort station to reach one of the toilets, several boards collapsed, and she fell into the space beneath the floor up to her armpits. She suffered severe and permanent injuries, including a miscarriage. Plaintiffs' evidence showed that the boards and the joists to which they were nailed had become internally decayed and rotten, and the nails rusty, through the presence of water upon the floor and the dampness produced thereby. Appellant offered no evidence.

The evidence warranted a finding of negligence. From it, the jury could infer that appellant had not exercised reasonable diligence, as the proprietor of an amusement park, to provide safe accommodations, and to make inspections at proper times and at seasonable intervals to assure their suitable condition: *Durning v.*

*Hyman,* 286 Pa. 376, 133 A. 568; *Sellmer v. Ringling,* 62 Pa. Superior Ct. 410; *Hardy v. Philadelphia National League Club,* 99 Pa. Superior Ct. 326. "Though the facts here disclosed do not permit the application of the doctrine of res ipsa loquitur, yet, if it is shown a dangerous condition was permitted to exist, the one responsible is liable for the natural and probable consequences resulting, and but slight evidence is sufficient to meet the burden of proof placed on the person injured": *Durning v. Hyman,* supra, p. 379.

The injured plaintiff testified that as she entered the comfort station she "saw the floor was worn out, from the dampness, from all that dirty water was there", and, "the floor didn't look so good." Upon this testimony is founded appellant's contention that she was contributorily negligent as a matter of law. We cannot so hold. We are justified in finding a plaintiff guilty of contributory negligence only when the evidence is so clear and unmistakable that no other reasonable inference can be drawn from it: *Murphy v. Bernheim,* 327 Pa. 285, 194 A. 194. But she did not know, and could not see, and had no reason to suspect, that the supporting joists were rotten and decayed, and that the nails were rusty. Other patrons were in the toilets at the time, and had traversed the same floor boards to reach them, and this "is some indication that it was not considered so obviously dangerous that a person ought not to walk thereon": *Chambers v. Braddock Borough,* 34 Pa. Superior Ct. 407, 412. In *Graham v. Reynoldsville Borough,* 132 Pa. Superior Ct. 296, 298, 200 A. 681, where the plaintiff was injured while walking at night across planks laid by the municipality over an open ditch between the sidewalk and the street which were frequently used by pedestrians, this court said: "It is only when the danger is so obvious that an ordinarily prudent person would regard it as a risk or hazard, and therefore avoid it, that it could be said as a matter

of law that the person taking a chance is guilty of contributory negligence." This principle rules this phase of the case.

Appellant's motion for judgment n. o. v. was overruled on June 12, 1942. Nearly a year later its motion for a new trial was discharged. No rule had been granted upon the motion for a new trial, and no argument was heard thereon by the court before it discharged the motion. This, appellant argues, was a harmful irregularity, although it does not explain its failure to procure a rule, if that was necessary, or to place the case upon an argument list during the year it was pending. But even if it was procedurally irregular, appellant was not harmed. Its motion for a new trial included the reason that the verdict was against the evidence, and we have ruled upon that. The other reason alleged the inadequacy of the charge. But appellant filed neither general nor specific objections to the charge, and when, at the end of the charge, the trial judge inquired of counsel "if there are any other matters of evidence they wish brought to the jury's attention or principles of law corrected or further enunciated", counsel for appellant replied: "I have nothing to say, your honor." Manifestly, the court did not abuse its discretion in discharging the motion.

Judgment affirmed.