## Skeen et ux. v. Stanley Company of America

*J. W. Jones,* for plaintiffs.

*B. B. Brause,* for defendant.

Kun, J., November 5, 1948.—During the trial the parties stipulated that the case be determined by the trial judge without a jury. The trial judge found for defendant as a matter of law. The matter is before us on plaintiffs' exception to the court's finding. The question presented is the measure of duty of an operator of a theatre to a patron.

The only evidence in the case was that plaintiff was seated in defendant's theatre and "heard a terrible noise in the ceiling . . . and then there was a terrible thud on (her) arm". There was found on the floor

at the place where she sat a bolt two and a half to three inches long and about a half inch in diameter, which had evidently struck her arm. There was no evidence that any fixture was attached to the ceiling. While there was no evidence presented as to the condition of the ceiling, it will be assumed that the bolt broke out of it in some way.

An operator of a theatre is not an insurer of the safety of his patrons, but he does impliedly warrant "that it is safe for the purpose intended, save only as to those defects which are unseen, unknown and undiscoverable", quoted from 1 Thompson on Negligence, sec. 996, cited with approval in Sellmer v. Ringling, 62 Pa. Superior Ct. 410, 411, where the claim of plaintiff resulting from the fall of unsupported boards in an aisle of circus seats was held to be for the jury on the question of whether defendant had used due care. It was likewise cited with approval in Durning et al. v. Hyman, 286 Pa. 376, 380, in which the claim was based on injuries sustained from the falling of an alleged broken seat in which plaintiff sat. In that case the court restated the basis of the legal liability as follows (p. 381) :

"The proprietor, though not an insurer of safety, 'impliedly contracts that, except for unknown defects, not discoverable by reasonable means, the (appliance which proved to be defective) is safe' ", citing a number of cases from other jurisdictions. It is important to note the quoted saving and exception clauses.

Another basis of liability of a defendant in such case is that "when the thing which causes the injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management used proper care, it affords reasonable evidence, in the absence of explanation by the defendant that the accident arose from a want of care". It

was on that principle that recovery was allowed where an electric fan attached to the ceiling of a theatre fell and injured plaintiff, in Ecker v. Arch St. Theatre, 11 D. & C. 275. The statement in that case that the facts stated created a presumption of negligence is not accurate. See Durning case, supra, at p. 379, where the court said:

"The accurate statement of the law is not that negligence is presumed, but that the circumstances amount to evidence from which it may be inferred by the jury."

Neither principle is applicable in cases of defects which are "unseen, unknown and undiscoverable". Such was the case of Bechtel v. Franklin Co., 120 Pa. Superior Ct. 587, where plaintiff, customer of defendant bank, was injured by plaster falling from the ceiling, and where the court held that negligence could not be presumed from the mere happening of the accident, and also held that the principle last referred to was inapplicable because the accident did not result from a danger which was "seen, known or discoverable"; that is to say, was inapplicable in the case of a latent defect in the structure itself as, in that case, the condition of the ceiling of a building where there was no evidence of any defect in it, which would put the owner on any kind of notice and consequent duty to inspect it and repair it. Accordingly, judgment for defendant n. o. v. was affirmed.

We find no basis for the suggestion in that case (p. 590) that the rule would be different in the case of a theatre. The Supreme Court in the Durning case, supra, makes it perfectly clear that the rule is not different. And there is no rational basis for any difference between the duty of care which a bank should have for any of its customers who come in to do business with it and the duty of a theatre owner to his patrons. In both instances people in numbers are invited in for business reasons. Plaintiff stresses the

point that, because there was a "contractual relation" between her and defendant, negligence must be presumed here; pointing to the quotation from Stearns v. Spinning Co., in the Bechtel case (p. 590) : "Excepting where contractual relations exist between the parties, as in the case of carriers of passengers and some others, negligence would not be presumed from the mere happening of the accident", claiming to come within the exception. It is not to every case of a contractual relationship that the doctrine of res ipsa loquitur can be applied, but only to those relating to carriers and the like, as pointed out in the Durning case. However, we need not speculate on the point because the Durning case itself, on which plaintiff relies so much, categorically ruled that the doctrine of res ipsa loquitur does not apply in the case of a patron of a theatre (p. 379). It is there pointed out that the liability in such case may be founded on the fact of supervision and control of the thing which caused the injury or on the implied contract of safety; but it must be sharply noted that either theory has reference only to observable things or appliances as to which there is the "continuing duty of inspection". The implied warranty applies to all such things "save only as to those defects which are unseen, unknown and undiscoverable", and reiterated in the other expression, "except for unknown defects, not discoverable by reasonable means". Both these references are found, as heretofore indicated, at p. 381 of the Durning case, supra.

This is not a case where the principle of res ipsa loquitur can be applied (Durning v. Hyman, supra (p. 379)) ; neither can the other principle be applied because the thing which caused the injury was not one of which defendant had management, supervision or control in the sense of an appliance, implement, furnishing, fixture or other object, a defect in which

could be seen or was discoverable, and as to which he would have a continuing duty of inspection for any defects which might become potentially dangerous to his patrons. Such a duty could not be imposed with reference to an "unseen, unknown and undiscoverable" condition of a ceiling or something imbedded in it or behind it.

The exception to the court's finding for defendant is dismissed.

Judgment is entered for defendant.