## Terry et vir v. Masonis et vir

*Richard C. McGuigan* and *Frank McGuigan, Jr.*, for plaintiffs.

*Leonard Langan,* for defendants.

PINOLA, J., July 7, 1949.—Dorothy Terry, one of the plaintiffs, sustained a serious cut on the rear of the lower part of her right leg while in the toilet of the restaurant of the defendants. Arteries were severed and nineteen stitches were required to close the wound.

The jury returned a verdict for her and her husband in the sum of $672.00.

Defendants are not now pressing their motion for new trial, but insist that plaintiff was guilty of contributory negligence as a matter of law, and therefore, they are entitled to judgment n. o. v.

In considering this motion, the familiar rule requires that we consider the evidence in the light most favorable to plaintiff, resolving all conflicts in her favor and giving her all favorable inferences of fact reasonably deducible from the evidence: Bartelson et al. v. Glen Alden Coal Co., 361 Pa. 519.

Shortly after midnight on May 26, 1948, she, a patron and business invitee of defendants, was in the ladies' rest room.

Because there was no flushing handle on the toilet, it was customary to have the top of the water tank tipped up on edge so that patrons might reach into the tank and release the plunger valve to flush the toilet.

While plaintiff was arranging her hair, the top of the tank became dislodged by the slamming of a door and it fell to the seat, broke in several places, and the jagged edge of one of them struck her in the leg.

When the top broke one of defendants' employes exclaimed: "There goes the top of that toilet again."

Mrs. Terry declared that she did not disturb the lid at any time and although she observed its position, she did not "think it was dangerous". She did not see it fall because her back was turned. She was facing the mirror which was in a corner diagonally opposite from the toilet.

It is only when the danger is so obvious that an ordinarily prudent person would regard it as a risk or hazard, and therefore avoid it, that it could be said, as a matter of law, that the person taking a chance is guilty of contributory negligence: Freda et vir v. Ariel Park, etc., Co., 154 Pa. Superior Ct. 625, 627.

". . . it is only in a case where contributory negligence on the part of plaintiff is so clearly revealed that fair and reasonable individuals could not disagree as to its existence, that it may be declared judicially . . . :" Rea v. Pittsburgh Rwy. Co., 344 Pa., 421, 423.

We are satisfied from a careful study of the record that this is not such a case and that the question of contributory negligence was one for the jury.

Therefore, now July 7, 1949, the motion for judgment n. o. v. is denied.