## Vercellino v. N. B. Liebman & Co., Inc.

*Madaline Palladino*, for plaintiff.
*Charles M. Bolich*, for defendant.

KOCH, J., March 12, 1956.—Plaintiff, a woman 76 years of age and described as being rather heavy, visited defendant's furniture store for the purpose of purchasing a bicycle for a relative. After selecting a bicycle she returned to the main floor of the store and, after she made payment, it became necessary for her to await the return of a Daniel Magnani who left the store with the intention of securing his car to drive plaintiff to her home. During this interlude plaintiff sat in a chair which was being exhibited for sale purposes. Plaintiff had been seated a short time when she attempted to rise and the chair "bent or smashed" causing her to fall to the floor and suffering the injuries upon which the suit is based. The case was submitted to the jury which returned a verdict for plaintiff in the sum of $2,000. This matter is now before the court on a motion for judgment n. o. v. and a motion for new trial, the latter having been abandoned at the oral argument as well as in the brief submitted by counsel for defendant.

In considering defendant's motion for judgment n. o. v., it cannot be questioned that the testimony must be viewed in the light most advantageous to plaintiff

and all reasonable inferences from and all conflicts in the testimony must be resolved in her favor: McDonald v. Ferrebee, 366 Pa. 543; Levenson v. Lustman, 365 Pa. 244; Welch v. Sultez, 338 Pa. 583; Miller v. Hickey, 368 Pa. 317. Accordingly, the contention that the fall occurred as described by witnesses for defendant must be rejected. The jury obviously accepted plaintiff's version that she was seated in the chair and that it "bent down or smashed down" when she attempted to rise.

Defendant's motion for judgment n. o. v. is based on the proposition that no negligence was shown and that the so-called "exclusive control doctrine" is not applicable in this case.

Defendant concedes that plaintiff was a business invitee but suggests that when she voluntarily assumed to sit in the chair, she exceeded her rights. With this view we cannot agree. It is a common practice for furniture stores to display merchandise of this variety and it is obvious that the proprietor not only anticipates but expects customers to sit in the chairs on display. While the store owner is not an insurer, he owes his customers a duty to exercise reasonable care for their safety: Stais v. Sears, Roebuck & Co., 174 Pa. Superior Ct. 498.

It is our considered opinion that this case is governed by Durning v. Hyman, 286 Pa. 376. There a child of 14 entered a theatre and passed up the aisle to a row of seats containing vacant places. When she pulled one down and sat on it, the left side gave way, causing her to be thrown to the floor, sustaining certain injuries. The testimony was that the seat "broke", causing the fall. Plaintiff was nonsuited and an appeal followed from a refusal to take off the nonsuit. The Supreme Court held that if it is shown a dangerous condition was permitted to exist, the one responsible is liable for the natural and probable consequences

resulting, and but slight evidence is sufficient to meet the burden of proof placed on the person injured.

Durning v. Hyman, supra, followed the rule of Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, which we deem to be applicable to this case:

" 'When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care.' "

In the present case the duty devolved upon defendant to show that reasonable diligence had been used to provide safe accommodations, and that a proper inspection was made to assure their suitable condition: Sellmer v. Ringling, 62 Pa. Superior Ct. 410. We are not adopting the rule of res ipsa loquitur but the view that the collapsing of a chair raises a jury question. See 21 A. L. R. 2d 449 where the following principle is enunciated:

"Although as hereinafter noted . . . the collapse of a seat or chair in a store or place of business may, under certain circumstances, warrant the application of the doctrine of res ipsa loquitur, this is not invariably true and the question of negligence *may be for the jury* to decide where there is a possibility that the defective condition may have been brought about by plaintiff himself or that some other occupant disarranged some of the mechanism of the chair." (Italics supplied).

In Luckhurst v. Gimbel Brothers, Inc., 38 Pa. Superior Ct. 281, plaintiff sat in a chair which gave way. No testimony was presented by plaintiff to show the particular defects. It was there held that the issue was properly presented to the jury. In the case at bar the testimony is clear that the chair in question

weighed about four pounds, was of the collapsible variety and constructed of tubular aluminum. Specific defects were not shown by plaintiff but, since the chair was under the exclusive control of defendant, when plaintiff proved that her injury was caused by its bending or smashing she had, in our opinion, produced sufficient evidence to carry the case to the jury.

Defendant relies on the case of Miller v. Hickey, 368 Pa. 317. There the evidence was that *inspections* had been made of the fire escape which collapsed six months prior to the accident and another inspection one month before the accident. The court ruled that to hold the property owner liable under such circumstances would place upon him an unreasonable burden. He is only required to use ordinary care to protect those lawfully upon the premises. However, Miller v. Hickey, supra, is not authority for the present defendant's position in view of the fact that there is no testimony whatsoever of *inspections* having been made or that reasonable care had been exercised to discover a condition of danger to plaintiff.

Even if we were to consider the testimony of defendant's witnesses that the chair in question was subsequently sold and that there were no defects, it raised a question of credibility for the jury and, in any event, these acts did not meet the requirement of inspection or reasonable care *before* the accident. Here, as in Bernstein v. Perry Theatre Corp., 98 Pitts. L. J. 60, which was also a chair case, there was no proof that due care was exercised in providing a safe place for the customer.

Defendant's reference to Kotal v. Goldberg, 375 Pa. 397, does not aid his position. The concurring opinion of Mr. Justice Bell does nothing more than indicate that he would not have applied the exclusive control doctrine to the facts in that case. Actually his opinion which outlines in detail the situations where the doc-

trine is applicable is authority for the position of plaintiff in this case.

Now, March 12, 1956, defendant's motions for n. o. v. and for a new trial in the above captioned action are denied and the rules therefor discharged and judgment is entered upon the verdict with interest from October 18, 1955, together with costs.