[Civ. No. 6256.   Fourth Dist.   Feb. 15, 1960.]

HEIDI E. LYLE, a Minor, etc., Appellant, v. DISNEY-LAND, INC. (a Corporation), Respondent.

*Assigned by Chairman of Judicial Council.

Parry, Holcomb & Kassel for Appellant.

W. W. McCray for Respondent.

GRIFFIN, P. J.—Heidi E. Lyle, a minor, by her guardian ad litem Betty Lyle, brought this action against defendant and respondent for damages for claimed injuries resulting from a ride on the "Astro-Jet" at Disneyland, as an invitee on August 19, 1956, at about 9 p. m. She was then of the approximate age of 9 years. The "Astro-Jet" consists of a central tower about 20 feet high, from which extend approximately 12 arms. At the end of each arm is a passenger car which seats two persons. In its operation, the cars travel clockwise in a rotary fashion. After the passengers are loaded a hydraulically-operated ride is started; the arms raise up to a point about 12 feet above the ground. The cars revolve at a maximum of 11 or 12 revolutions per minute. The cockpits of the cars are 42 inches long, 18 inches wide (at the seat level) and 15 inches in depth (from the top of the car to the seat). Passengers are seated in a tandem fashion with one control lever, by which the passenger seated in the front can raise and lower the car a span of 12 feet while the ride is in operation. The defendant's rules required that children under 8 years of age have an adult with them. Plaintiff and her girl friend rode

in one car. Plaintiff occupied the rear seat. Her father and brother occupied a car to the rear of plaintiff's car. Plaintiff testified that her girl friend did not operate the control as she did not know how to operate it. Plaintiff's father testified that the car plaintiff occupied had gone up and down at least once. Plaintiff's own evidence was in conflict as to how the accident happened. The conflict existed between plaintiff's version of the accident and her father's version. She testified in essence that she believed that she watched other persons on the ride prior to getting on it, and, prior to her occupying the rear seat of one of the cars, her father cautioned her to "sit down and be quiet" and to be "careful." After the cars were in motion, she stated that she was not "real sure" but she believed that she was looking toward the center pole of the ride when she "just let go" of the right side of the car, her hand slipped off and her head went down and hit the inside of the car, her teeth hitting the curved steel runner on the side of the car and that there was no sudden jerking when she let go of her handhold. Plaintiff's father's testimony was to the effect that the cockpit was just about shoulder-high to plaintiff; that after the cars started plaintiff turned her head around and she looked over her right shoulder at him; that they were just riding along and had not been operating the car, either higher or lower by means of a horizontal bar in the front; that her little brother had been maneuvering his car; that plaintiff's car had made one motion to a higher elevation; that plaintiff screamed and the car came back down; that plaintiff turned loose of her hold on the right side of the car, skidded over to the left and bumped her teeth on the front or outside portion of the rail. Apparently this bump broke two of her upper front teeth. The machine was stopped. Some teeth replacements were necessary and considerable dental expense was incurred. This action followed. Defendant denied negligence and alleged contributory negligence and assumption of risk. The jury, after considering the entire evidence and viewing the premises and operation of the machine, found in favor of the defendant. A motion for a new trial on all statutory grounds was considered by the trial court and denied.

Plaintiff now contends on this appeal: (1) that under the evidence the court erred in instructing the jury on the question of contributory negligence; (2) that the instruction given on that subject was erroneous because it did not fully explain that the burden of proof of such defense was on defendant;

(3) that an instruction on assumption of risk was improper; (4) that the court failed to instruct that plaintiff had a right to assume that the machine was properly equipped; (5) that the court failed to instruct that only one theory of negligence need be proved.

It was plaintiff's contention that defendant was negligent under several theories: (1) absence of safety belts; (2) no padding around lip of cockpit; (3) no handholds; (4) failure to give proper instructions in reference to procedure for passenger to follow for her own safety.

Defendant's safety engineer testified fully as to the safety of the device and said that plaintiff could not have struck her teeth on the inside (left) or outside (right) portion of the cockpit of the car by the operation of it and that the centrifugal force of the ride precluded any necessity for seat belts or handholds and that the accident described could only have taken place or been caused by some voluntary movement or action by the plaintiff. An examination of the evidence produced fully justified the giving of defendant's proffered instruction on contributory negligence. Whether that evidence appears from defendant's or plaintiff's witnesses is not the determining factor. (*Anthony* v. *Hobbie,* 25 Cal.2d 814, 818 [155 P.2d 826] ; *Hickenbottom* v. *Jeppesen,* 144 Cal.App.2d 115, 120 [300 P.2d 689].) This instruction was followed by other proper instructions offered by plaintiff relating to standard of care of a child and the weight and quality of direct and indirect evidence.

Plaintiff now claims, because the trial court gave her proffered instructions on res ipsa loquitur, it did, in effect, find that there was no contributory negligence on the part of plaintiff. This does not necessarily follow. (*Bischoff* v. *Newby's Tire Service,* 166 Cal.App.2d 563, 568 [333 P.2d 44] ; *Baker* v. *B. F. Goodrich Co.,* 115 Cal.App.2d 221, 231 [252 P.2d 24].) No prejudicial error resulted to plaintiff in giving both instructions.

The failure to give plaintiff's proffered instruction in the language of Instruction Number 103-C contained in California Jury Instructions, Civil (4th rev. ed. 1956) concerning burden of proof of contributory negligence is not well taken and is in direct conflict with the record. This subject was adequately and directly covered by other instructions given on that subject. See plaintiff's instruction Number 21; *Hickenbottom* v. *Jeppesen, supra,* p. 122.

Next, plaintiff argues that there was no evidence produced that plaintiff appreciated the risk incident to the ride in question or that she had actual knowledge of that risk. This was a factual question for the jury to determine. The giving of defendant's instruction on the defense of assumption of risk, followed by instructions in reference to age, experience and capacity to understand and know the danger, was proper under the evidence produced. (*Church* v. *Headrick & Brown*, 101 Cal.App.2d 396, 403 [225 P.2d 558].) In *Chardon* v. *Alameda Park Co.*, 1 Cal.App.2d 18 [36 P.2d 136], the rule in this respect is succinctly stated. In the usual case, knowledge and appreciation of the danger is a question for the jury to determine. (*Gallegos* v. *Nash, San Francisco*, 137 Cal.App. 2d 14, 20 [289 P.2d 835].) Next, plaintiff complains of the refusal of the trial court to give its proffered instruction to the effect that a child who rides a public amusement device has the right to assume that the ride is properly constructed, maintained, operated and equipped with proper safety devices; that in the absence of perils that would be reasonably apparent to the child, a child is not negligent in failing to anticipate injury which can come to him only from a violation of law or duty by another. This instruction is based upon a statement in *Chardon* v. *Alameda Park Co., supra*, page 21. Such an instruction is proper but no error resulted because it was adequately covered by other given instructions. See plaintiff's instructions Numbers 138.2, 147, 148, 207-E, 213-J; *Wells* v. *Lloyd*, 21 Cal.2d 452, 459 [132 P.2d 471]. Lastly, it is contended that the refusal to give plaintiff's proffered instruction (Cal. Jury Instns., Civ. [4th rev. ed. 1956] No. 101-F) to the effect it was not necessary for plaintiff to prove every act of negligence or omission alleged to support a verdict for plaintiff, was prejudicial error. This feature of the case was adequately covered by general instructions. As pointed out in the note on page 233 of California Jury Instructions, Civil (4th rev. ed. 1956), it would not be prejudicial error to refuse to give it, particularly where plaintiff's proffered instruction did not follow the cautionary advice in reference to contributory negligence and assumption of risks involved in the case.

The trial court reviewed these same questions on a motion for new trial and rejected plaintiff's contentions. The jury viewed the premises and the operation of the ride. These factors are to be considered in determining the question of

prejudicial error and the weight and sufficiency of the evidence. (*Prescott* v. *City of Orange,* 56 Cal.App.2d 144 [132 P.2d 523]; *Jones* v. *Bridges,* 38 Cal.App.2d 341, 344 [101 P.2d 91].) From an examination of the entire record and instructions, we conclude that no prejudicial error resulted.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.